# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3262

_____

Timothy Sterling Donaldson,                     *
                                                *
          Plaintiff-Appellant,                  *
                                                *
     v.                                         *
                                                *
James Purkett, Superintendent,                  *
Farmington Correctional Center;                 *     Appeal from the United States
Dora Schriro, Director, Department              *     District Court for the Eastern
of Corrections;                                 *     District of Missouri.
                                                *
          Defendants-Appellees,                 *          [UNPUBLISHED]
                                                *
Jay Nixon, Attorney General of                  *
Missouri; John & Jane Does,                     *
Record's Office,                                *
                                                *
          Defendants.                           *

_____

Submitted:  April 16, 2002

Filed:  April 23, 2002

_____

Before HANSEN, Chief Judge, McMILLIAN, and FAGG, Circuit Judges.

_____

PER CURIAM.

Timothy Sterling Donaldson complains that the State of Missouri wrongfully calculated his prison sentence, extending it by seventy days. Although Donaldson asked his parole officer why his sentence was extended, he did not file any grievance or lawsuit while incarcerated. After his release, Donaldson filed this lawsuit under 42 U.S.C. § 1983 (1994). The district court[*] dismissed Donaldson's complaint because Donaldson's sentence miscalculation was governed by Missouri law, thus alleged a violation of state law, not federal law, and Donaldson had not claimed that the defendants were personally involved in his extended incarceration. In the alternative, the district court found the defendants were entitled to qualified immunity. On appeal, Donaldson challenges each of the district court's reasons for dismissing his complaint. Having reviewed the record de novo and considered the facts and all reasonable inferences that can be drawn from them in the light most favorable to Donaldson, we conclude the district court correctly decided that Donaldson can prove no set of facts that entitle him to the relief he claims. Burton v. Richmond, 276 F.3d 973, 975 (8th Cir. 2002).

Donaldson is not entitled to relief under § 1983 because he has not alleged a violation of federal law. Calculation of Donaldson's state sentence is governed by state law, thus any mistakes in the calculation are violations of state law. "[A] violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983." Bagley v. Rogerson, 5 F.3d 325, 328 (8th Cir. 1993). Further, Donaldson has not claimed, as he must to succeed under § 1983, that the defendant corrections officials directly participated in the alleged deprivation. Tlamka v. Serrell, 244 F.3d 628, 635 (8th Cir. 2001). No liability attaches to supervisors through respondeat superior theory. Id. Because Donaldson does not state a claim upon which relief can be granted, we see no need to address the qualified immunity issue.

---

[*]The Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri, sitting by consent of the parties under 28 U.S.C. § 636(c).

We thus affirm the district court's dismissal of Donaldson's complaint. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.